UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23980-BLOOM/Otazo-Reyes

BIANCA DOUGLAS, *et al.*,

    Plaintiffs,

v.

CRUISE YACHT OP CO. LTD., *et al.*,

    Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Modify the Scheduling Order and for Leave to File a Second Amended Complaint, ECF No. [103] (the "Motion"). Defendants J.P. Salazar, Douglas Prothero, and Richard Carson (collectively, "Defendants") filed a response, ECF No. [104], to which Plaintiffs filed a reply, ECF No. [105]. The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I.    BACKGROUND

As more fully set out in the Court's Omnibus Order on Motions to Dismiss, ECF No. [98] ("Omnibus Order"), this case involves claims of workplace discrimination and retaliation. Plaintiffs were sales agents for Defendant Cruise Yacht Op Co. Ltd. dba the Ritz-Carlton Yacht Collection ("RCYC"), and Defendants were RCYC managers and executives. Plaintiffs commenced this case on November 11, 2021, by filing the Complaint, ECF No. [1], asserting

claims against RCYC, Defendants, Cynthia Bermudez, and David Fredericks.[1] Thereafter, Plaintiffs filed an Amended Complaint, ECF No. [16], and a flurry of motions to dismiss followed. On February 28, 2022, the Court entered its Scheduling Order, ECF No. [44], setting the deadline for amendment to the pleadings on April 29, 2022. After entry of the Scheduling Order, Defendants filed amended motions to dismiss, *see* ECF Nos. [50], [52], [53], [54], which were fully briefed on March 25, 2022—more than a month before the amendment deadline in the Scheduling Order. On April 13, 2022, Defendants requested, and Plaintiffs did not oppose, a stay of discovery pending a ruling on the motions to dismiss. *See* ECF Nos. [91], [92]. The Court granted the stay on April 25, 2022. ECF No. [94]. On May 26, 2022, the Court entered its Omnibus Order on the motions to dismiss, and in pertinent part, determined that the Amended Complaint failed to state a prima facie case of personal jurisdiction with respect to Defendants. *See* ECF No. [98].

In the instant Motion, filed more than a month after the Court's Omnibus Order, and nearly two months after the deadline to amend the pleadings established by the Scheduling Order, Plaintiffs request that the Court grant them leave to file a second amended complaint.

## II.     LEGAL STANDARD

Under the Rules of Civil Procedure, district courts are required to "enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings . . . ." Fed. R. Civ. P. 16(b). Scheduling orders "control the subsequent course of the action unless modified by a subsequent order," Fed. R. Civ. P. 16(e), and may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417,

---

[1] Plaintiffs and Defendant Fredericks subsequently entered a stipulation for dismissal of the claims asserted against him. *See* ECF No. [90]. In addition, in the Motion, Plaintiffs do not seek to amend their allegations regarding Cynthia Bermudez.

1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted). According to the Eleventh Circuit, Rule 16 is the proper guide for determining whether a delay is excusable when a motion to amend is filed after a scheduling order deadline. *Id.* at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). If the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

### III.   DISCUSSION

Plaintiffs argue that there is good cause for their request for leave to amend fifty-one days after the deadline to amend the pleadings in the Scheduling Order. First, Plaintiffs argue that the standard is met by the simple fact that they were waiting for a ruling on the motions to dismiss. Second, Plaintiffs assert that their counsel departed his former law firm on April 27, 2022, and could not engage in any actions on their behalf until May 10, 2022, when they had executed new engagement letters to continue to be represented by their current counsel and he had access to their files. Plaintiffs contend therefore that, under the circumstances, they have been diligent. Third, Plaintiffs point out that the Court's Omnibus Order dismissed the claims against Defendants without prejudice, and that if the Court intended to bar Plaintiffs from amending their pleadings, the Court would have dismissed the claims with prejudice.

Upon review, the Court does not agree that good cause exists because Plaintiffs have not been diligent. Contrary to Plaintiffs' first argument, the standard is not met simply because they were awaiting the Court's ruling on the motions to dismiss. Plaintiffs' reliance on *Watkins v.*

*Bigwood*, No. 18-cv-63035, 2020 WL 4922359, at *3 (S.D. Fla. Aug. 21, 2020), is misplaced. Critically, in *Watkins*, the plaintiff asserted that he had discovered new evidence through discovery and had been studying case law to better understand how to assert his proposed claims. The plaintiff in *Watkins* was also proceeding pro se. *Id*. Similarly, in *Emess Capital, LLC v. Rothstein*, No. 10-60882-CIV-LENARD/O'SULLIVAN, 2012 WL 13001838, at *6 (S.D. Fla. May 2, 2012), the plaintiff also had discovered substantial additional facts, and while the Court found that awaiting a ruling was justified, the motion at issue had been referred to the magistrate for a report and recommendations, in which the magistrate recommended that leave to amend be granted. Such is not the case here.

First, Plaintiffs here do not assert that their proposed amendment arises from newly discovered evidence. Plaintiffs' responses to Defendants' arguments regarding personal jurisdiction reveal that, although Plaintiffs had not pled so in the Amended Complaint, Plaintiffs nonetheless asserted facts they contend supported a finding that Defendants were subject to personal jurisdiction in Florida. *See* ECF Nos. [58], [71], [76]. Indeed, Plaintiffs were on notice with respect to the potential jurisdictional deficiencies in the Amended Complaint at the earliest on March 4, 2022, when Defendants filed their motions to dismiss asserting those arguments, and at the latest on March 25, 2022, when the motions to dismiss had been fully briefed. At that time, there was more than a month until the deadline for amendment of the pleadings, and Plaintiffs have not explained why they were unable to request an extension of the amendment deadline during that month prior to its expiration. The unanticipated change in Plaintiffs' counsel's status two days before the amendment deadline does not otherwise provide an adequate explanation. Thus, under the circumstances, the Court does not find that Plaintiffs have been diligent.

Case No. 21-cv-23980-BLOOM/Otazo-Reyes

Moreover, unlike in *Watkins* and *Emess Capital, LLC*, the Court expressly determined in the Omnibus Order that leave to amend was not warranted. *See* ECF No. [98] at 21-22. In reaching that conclusion, the Court noted that Plaintiffs had already amended their pleading as a matter of course as permitted by Rule 15 of the Federal Rules of Civil Procedure, and their request to amend, contained only in the conclusion of their responses, was improper. *Id*. The Court's Omnibus Order dismissed the claims against Defendants without prejudice and did not grant Plaintiffs leave to amend. The dismissal was without prejudice because it was based on a lack of personal jurisdiction, not because the Court did not intend to bar Plaintiffs from amending their pleadings, as Plaintiffs now suggest. The Court's dismissal of Plaintiffs' claims *with prejudice* on jurisdictional grounds would have been improper. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1221 (11th Cir. 1999) (finding that the district court erred when it dismissed claims for lack of personal jurisdiction with prejudice and directing district court to enter dismissal without prejudice).

Plaintiffs now request that the Court reconsider its conclusion regarding leave to amend, but have failed to point to any factor that would warrant reconsideration. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (a party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). As Plaintiffs readily acknowledge, their request for leave to amend embedded in their responses to the motions to dismiss is improper and their current request is untimely. Moreover, the Court already determined in the Omnibus Order that further leave to amend was not warranted.

Case No. 21-cv-23980-BLOOM/Otazo-Reyes

Plaintiffs have failed to set forth sufficient grounds for a finding of good cause to support their belated request for leave to amend.

## IV. CONCLUSION

Accordingly, the Motion, **ECF No. [103]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 13, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record